**James E. DAILEY, Petitioner—Appellant,**

v.

**Michael MARTEL, Respondent—Appellee.**

No. 07–55791.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 3, 2010.

James E. Dailey, Ione, CA, pro se.

Attorney General for the State of California, Esquire, Lynne G. McGinnis, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

California state prisoner James E. Dailey appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Dailey contends the trial court violated his right to present a defense and to closing arguments by precluding him from introducing third-party culpability evidence. The state court's rejection of these claims was neither contrary to, nor an unreasonable application of, clearly established federal law. Dailey fails to show the proffered evidence was admissible under *People v. Hall,* 41 Cal.3d 826, 226 Cal.Rptr. 112, 718 P.2d 99 (1986). Therefore, its exclusion did not violate his constitutional right to present a defense under *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986), nor his right to closing arguments under *Herring v. New York,* 422 U.S. 853, 857–63, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975).

Dailey also raises a number of uncertified claims. Dailey has not "made a substantial showing of the denial of a constitutional right" regarding these claims. *See* 28 U.S.C. § 2253(c)(2); *Doe v. Woodford,* 508 F.3d 563, 567 (9th Cir.2007). His motion to expand the certificate of appealability to include these claims is therefore denied. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.